UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM ROSHINSKY,

                    Plaintiff,

          v.

DAVID P. REYNOLDS, et al.,

                    Defendants.

_____

<u>DECISION & ORDER</u>

06-CV-6340CJS

On July 5, 2006, plaintiff William Roshinsky filed a *pro se* complaint, which alleges in its entirety: "A vested pension was promised to me when I reached age 65 in 1990. This Pension has been denied me."  (Docket # 1).  Plaintiff's handwritten Complaint was submitted on a form, the first section of which required plaintiff to create the caption of the case. In the caption, plaintiff listed the following five defendants: "(1) David P. Reynolds, (2) C/O Nationwide Life Ins. Co., (3) Taxicab Ind. Pension Fund, (4) Mr. Haas (sp) Lcl 3036 Rep., (5) Taxicab Ind. Pension Fund C/O Lcl 74 Saiv, Long Island, NY 11101-3512."  (Docket # 1).  In a subsequent section of the form, plaintiff was asked to identify all parties to the lawsuit.  In that section, plaintiff identified (1) David Reynolds, (2) Nationwide Life Insurance Company and (3) Taxicab Industry Pension Fund, Mr. Haas (sp) Lcl 3036 Rep.  (Docket # 1).  Currently pending before this Court are two separate motions by plaintiff.

In the first motion, plaintiff seeks leave to amend his complaint to "include 'Nationwide Life Insurance Company' as co-defendant in lieu of 'C/O Nationwide Life Insurance Company.'" (Docket # 15).  Because plaintiff has already identified Nationwide Life Insurance

Company as a defendant in this case, it appears that he is now seeking merely to correct the caption of case.  When a plaintiff mislabels the proper defendant in the caption of a complaint, courts generally grant leave to amend the caption in order to correct the error.  *See Datskow v. Teledyne, Inc., Continental Prods. Div.*, 899 F.2d 1298, 1302 (2d Cir.) (allowing plaintiff to amend caption of the case in order to identify proper subsidiary), *cert. denied*, 498 U.S. 854 (1990); *Daniels v. Loizzo*, 174 F.R.D. 295, 299-300 (S.D.N.Y. 1997) (permitting amendment to caption in order to correct spelling of defendant's name) (citing *Vadenais v. Christina*, 325 F.2d 157, 158 (2d Cir. 1963)).  In this matter, a motion scheduling order was set by the Court, which afforded defendants the opportunity to object to plaintiff's motion to amend.  No opposition has been filed.  Thus, to the extent plaintiff seeks leave to amend the caption of his Complaint, such motion is granted.

Plaintiff's second motion is entitled, "Motion for Discovery."  (Docket # 26).  Plaintiff does not appear to seek discovery from the defendants.  Rather, he requests leave of the Court "to submit further disclosure in behalf of the above entitled case."  (Docket # 26).  Attached to plaintiff's motion is a document that he apparently seeks to disclose to defendants.  Although plaintiff need not seek leave of the Court before disclosing documents to opposing counsel, to the extent he has done so, plaintiff's motion is granted.

## CONCLUSION

It is hereby the order of the Court that plaintiff's motion to amend the caption of the case **(Docket # 15)** is **GRANTED**.  The defendant previously identified in the caption as C/O Nationwide Life Insurance Company shall hereinafter be identified as Nationwide Life Insurance

Company.  The Clerk of the Court is directed to cause the United States Marshal to serve a copy of the Summons and Complaint on defendant Nationwide Life Insurance Company.  It is the further order of the Court that plaintiff's motion for discovery **(Docket # 26)** is **GRANTED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September    19  , 2007