UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM ROSHINSKY,

                        Plaintiff,

                      -v-

DAVID P. REYNOLDS, TAXICAB INDUSTRY
PENSION FUND LOCAL 74 SEIU, MR. HAHN
as TAXICAB INDUSTRY PENSION FUND
LOCAL 3036 REP., and NATIONWIDE
INSURANCE,

                        Defendants.

_____

DECISION AND ORDER
06-CV-6340 CJS

This is an action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, in which the plaintiff, proceeding *pro se*,[1] alleges that

he is being denied his pension.  Now before the Court are two motions: 1) a motion [#11]

to dismiss the complaint, or, in the alternative, for a more definite statement, filed by

defendants David P. Reynolds and Nationwide Life Insurance Company; and 2) a motion

[#25] for judgment on the pleadings, or, in the alternative, for an order transferring venue

of this action to the United States District Court for the Eastern District of New York, filed

by defendants Taxicab Industry Pension Fund and Gary Hahn.  For the reasons that follow,

the applications are granted in part and denied in part.

## BACKGROUND

On July 5, 2006, Plaintiff, who resides in Corning, New York, commenced this

action.  The Complaint states: 1) "I claim that my vested pension had been denied me";

_____

[1] Plaintiff filed a motion for appointment of counsel, but later withdrew it. (See, Docket Numbers [#5] and [#7]).

and 2) "A vested pension was promised to me when I reached age 65 in 1990.  This pension had been denied me." (Complaint, pp. 1, 3).  The caption of the Complaint names the following defendants: 1) "David P. Reynolds" ("Reynolds"); 2) "Nationwide Life Insurance Company"[2] ("Nationwide");  3) "Taxicab Industry Pension Fund Local 74 SEIU" in Long Island City, New York ("Local 74"); and 4) "Mr. Ha[hn][3] Taxicab Ind. Pension Fund. Local 3036 Rep." ("Hahn").  The Complaint indicates that Reynolds is a "Relationship Consultant" with Nationwide Life Insurance Company's "Income Products Service Center" in Columbus, Ohio.  The Complaint further indicates that Hahn is a Representative of Local 3036's Taxicab Industry Pension Fund, with an address in care of Service Employee International Union Local 74 SEIU, located at 24-09 38th Avenue, Long Island City, New York.  The Complaint contains no other factual allegations.

Subsequently, Plaintiff filed an application to proceed In Forma Pauperis, which included some additional information, namely, that his last date of employment was January 1, 1988. (Document [#3]).   Additionally, Plaintiff submitted supplemental documents [#13] [#16], which, in light of Plaintiff's *pro se* status, the Court will construe as exhibits to the Complaint.[4]   One of the documents is a letter, dated May 2, 2005, from Reynolds, writing on behalf of Nationwide, to Plaintiff, indicating that Plaintiff is entitled to receive $18.51 per month from Nationwide, pursuant to the terms of the Taxicab Industry

---

[2]The complaint originally named ""David P. Reynolds c/o Nationwide Life Insurance Company," however the Court subsequently permitted Plaintiff to add Nationwide as a defendant.

[3]Plaintiff originally identified defendant Gary Hahn as "Mr. Haas," however, he subsequently corrected that error.

[4]The Court is aware that Plaintiff referred to document [#16] as an exhibit to his motion [#5] for appointment of counsel, however, the Court finds that this submission is more properly construed as part of the Complaint.

Pension Fund contract.  The letter further states that, according to Nationwide's records,

Plaintiff began receiving such payments on April 1, 1996.  In that regard, Plaintiff has also

submitted a payment stub, indicating that he received a monthly payment of $18.51 on

November 24, 2004, in connection with the Taxicab Industry Pension Fund.  Another

document appears to be a page from the "Taxicab Industry Pension Plan" summary plan

booklet.  Additionally, Plaintiff submitted a certified letter, dated November 3, 2005, from

Allen S. Mathers, Administrator of SEIU Local 74 Benefits Funds, which states, in relevant

part:

> Dear Mr. Roshinsky,
>
> SEIU Local 74 is the successor in interest to SEIU Local 3036 by virtue of a merger that became effective on August 15, 1997.
>
> Please be advised there is not now, nor has there ever at any time been a 3036 Taxi Drivers Union Pension program (or other type of defined benefit plan) and thus there are no pension benefits available for you.
>
> Please be further advised that many years ago, there existed a 3036 Annuity Plan, however a search of the records has not shown you were a participant. This plan has been defunct since before the merger with Local 3036 on August 15, 1997.

(Document [#16]).   And finally, Plaintiff submitted a decision of the National Labor

Relations Board, which indicates that when Local 3036 and Local 74 merged, Local 74

assumed responsibility for the administration of all of Local 3036's funds. *See, National

Labor Relations Bd. (N.L.R.B.) Metropolitan Taxicab Bd. Of Trade, Inc. and its Constituent

Members and Local 74 Service Employees Int'l Union, AFL-CIO,* Case 2-CA-31330 (Sep.

28, 2004) ("On June 19, 1997, Ryan and Goldberg signed a document stating: Local 3036

SEIU hereby agrees to merge into SEIU Local 74 subject to the following terms and

conditions: . . .   Local 74 shall assume all of the collective-bargaining responsibilities and

representational rights with Local 3036 *as well as the governance and administration of its respective funds.*") (emphasis added)

On October 10, 2006, Hahn and "Taxicab Industry Pension Fund" filed an Answer [#6] to the Complaint, denying the Complaint's factual allegations and raising two affirmative defenses, namely, failure to state a claim and improper venue.[5] Subsequently, on October 18, 2006, Hahn filed an Amended Answer [#9] solely on behalf of himself, as opposed to himself and Taxicab Industry Pension Fund.

In lieu of answering the complaint, Reynolds and Nationwide filed the subject motion [#11] to dismiss the complaint, or, in the alternative, for a more definite statement.  With regard to the motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), Reynolds and Nationwide contend that the complaint fails to give fair notice of the basis for any claim against them. Alternatively, they contend that if the Court does not dismiss the Complaint that it should order Plaintiff to provide a more definite statement, pursuant to FRCP 12(e), since the Complaint is "vague, ambiguous and unintelligible." (Reynolds/Nationwide Memo of Law [#12] at 10).

On December 15, 2006, Taxicab Industry Pension Fund and Hahn jointly filed the subject motion [#25] to dismiss the complaint or, in the alternative, for a change of venue. (Notice of Motion [#25]).[6] In support of the motion, Hahn, who identifies himself as "internal CPA for Local 74 and the Local 74 Benefit Funds," submitted an affidavit in which he

---

[5]In the Answer, Hahn's attorneys indicated that they were "Attorneys for Defendants Taxicab Industry Pension Fund and Gary Hahn." (Answer [#6] at 2).

[6]Once again, Hahn's attorneys indicated that they were "Attorneys for Defendants Taxicab Industry Pension Fund and Gary Hahn." (Notice of Motion [#25] p. 1; Memo of Law [#25-2] p. 8).

denies that Plaintiff is a beneficiary of any fund or pension plan controlled by Local 74. More specifically, he states that in 1997 Local 74 merged with SEIU Local 3036, known as the "Taxicab Workers Union," and that Local 74 took over the administration of Local 3036's affiliated annuity plan, known as "the Annuity Fund of the Taxi Drivers and Allied Workers Union Local 3036." (Hahn Affidavit ¶ ¶ 4-5).   However, Hahn states that Plaintiff is not listed as a participant in Local 3036's annuity plan.  Hahn further states that there is another entity, separate from both the Local 74 funds and Local 3036's annuity plan, known the "Taxicab Industry Pension Fund," which was never administered by Local 74. (*Id*. at ¶ 6).  Although, Hahn does not indicate what, if any, connection the Taxicab Industry Pension Fund had to Local 3036.  Hahn does state, purportedly based upon documents that he received from the U.S. Department of Labor, that the Taxicab Industry Pension Fund became defunct in 1999.  One such document is a Form 5500 Annual Return/Report of Employee Benefit Plan, which apparently was filed by the Taxi Industry Pension Fund with the Internal Revenue Service on January 28, 2000.   The tax return indicates, *inter alia*, that one of the trustees of the Taxicab Industry Pension Fund was named Larry Goldberg.  Other documentation submitted by Plaintiff indicates that Larry Goldberg was also the secretary/treasurer of Local 3036 at the time it merged with Local 74.

DISCUSSION

*The Motion to Transfer Venue*

Hahn and Taxicab Industry Pension Fund have moved to transfer venue of this action to the United States District Court for the Eastern District of New York, pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406.  FRCP 12(b)(3) provides for dismissal of claims due to "improper venue."  The burden is on the plaintiff to establish that venue is correct.

However, where, as here, a court is asked to resolve a 12(b)(3) motion based upon pleadings and affidavits, "to avoid dismissal the plaintiff need only make a prima facie showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation and internal quotation marks omitted).  Moreover, a court "analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, [must] view all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (citation omitted).  If the plaintiff cannot establish that the chosen venue is correct, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406.

When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), "[t]he threshold inquiry ... is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute." *SST Global Tech., LLC v. Chapman,* 270 F.Supp.2d 444, 452 (S.D.N.Y. 2003).  In this case, brought pursuant to ERISA, the relevant venue statute is 29 U.S.C. § 1132(e)(2), which provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

Hahn and Taxicab Industry Pension Fund contend that venue is proper only in the Eastern District of New York, and it appears undisputed that Defendants all reside in the Eastern District of New York, and that the alleged plan was administered in the same district.  Accordingly, venue in the Western District of New York would only be appropriate if the alleged breach took place here.  On this point, the movants maintain that the alleged

breach occurred in the Eastern District, since "[a] breach of duty under ERISA takes place where the decision constituting that breach was made." (Memo of Law [#25-2] at 6) (*citing Seitz v. Board of Trustees of the Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund*, 953 F.Supp. 100, 102 (S.D.N.Y. 1997)). However, the vast majority of district courts that have considered the issue disagree with movants, and have concluded that, in ERISA cases involving the denial of benefits, venue under 29 U.S.C. § 1132(e)(2) is appropriate where the beneficiary was supposed to receive his benefits, i.e., his residence. *See, Coulter v. Office and Prof'l Employees Intern. Union*, No. 1:03-CV-111, 2003 WL 21938910 at *3 (E.D.Tenn. Jun. 10, 2003) ("[W]here a plaintiff claims that failure to pay a benefit breaches the terms of an ERISA plan, the alleged breach is deemed, for purposes of venue under § 1132(e)(2), to have occurred in the place where the plaintiff receives his or her benefits.") (collecting cases); *Schrader v. Trucking Employees of North Jersey Welfare Fund, Inc.*, 232 F.Supp.2d 560, 573 (M.D.N.C. 2002) ("The Court notes that with respect to cases brought pursuant to ERISA, the alleged breach is considered to have occurred in the district where the beneficiary receives his benefits.") (collecting cases); *McFarland v. Yegen*, 699 F.Supp. 10, 13 (D.N.H. 1988) ("Where [ERISA] plan beneficiaries are denied what they are due, the breach may well occur where the beneficiaries were to receive those benefits."); *Palka v. Theodore M. Hylwa, M.D., Inc.*, CIV.A. No. 85-2480, 1986 WL 22380 at *2 (D.Kan. Sep. 3, 1986) ("Since the plaintiff in this action would be entitled to payment at his residence in the District of Kansas, venue lies with this court under this portion of 29 U.S.C. § 1132(e)."). As a number of these cases have discussed, Defendant's interpretation of 29 U.S.C. §

1132(e)(2) is incorrect, since it would essentially render the language "where the breach took place" superfluous, because such a breach would always take place "where the plan is administered." *See, Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 228-29 (2d Cir. 2002) (Observing that "courts are enjoined to give force and effect to all of a statute's provisions and to avoid rendering any of them superfluous.") (citation omitted). Consequently, the Court finds that venue in the Western District of New York is appropriate, since this is where the alleged breach took place, inasmuch as this is the situs at which Plaintiff has historically received the benefits that he now claims are being denied him.  Accordingly, the motion to transfer venue is denied.

*The Motions to Dismiss*

Reynolds and Nationwide have moved to dismiss pursuant to FRCP 12(b)(6), and Hahn and Taxicab Industry Pension Fund have moved for judgment on the pleadings pursuant to FRCP 12(c).  In that regard, when "deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  The Rule 12(b)(6) standard was recently clarified in *Bell Atl. Corp. v. Twombly*, No. 05-1126,  — U.S. —, 127 S.Ct. 1955 (2007), in which the Supreme Court stated:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted).  See also, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)  When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d at 56.

Applying these standards to the facts of this case, the Court finds, at the outset, that Plaintiff has stated a claim for pension benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that, "[a]  civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Specifically, he is alleging that he is owed a monthly pension benefit from the Taxicab Industry Pension Fund, pursuant to agreements between his employers, Local 3036, which is now Local 74, and Nationwide.  It is not entirely clear whether Plaintiff is claiming that he is entitled to receive a monthly benefit of $18.51, which he is being denied, or whether he is claiming that he is currently receiving $18.51 per month, but is entitled to more.  From Plaintiff's exhibits, he appears to be making the latter claim.  Nevertheless, he has stated

a claim either way. Accordingly, the motions to dismiss by Taxicab Industry Pension Fund and Nationwide are dismissed.

The Court will now consider the motions to dismiss by Hahn and Reynolds. In that regard, in this circuit, it is well-settled that, "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) (citations omitted). Applying this standard to Reynolds, it appears clear that Reynolds's motion to dismiss should be granted. Although, Plaintiff alleges that Reynolds is a "Relationship Consultant" with Nationwide, there is no allegation that Reynolds is a plan administrator or trustee. Nor is there any indication in the record that Reynolds had anything to do with the alleged denial of pension benefits. To the contrary, the only information in the record concerning Reynolds is a letter from Reynolds to Plaintiff, dated May 2, 2005, in which Reynolds states that Plaintiff is entitled to receive payments "as long as he is alive." Accordingly, Reynolds's motion to dismiss is granted.

As for Hahn, Plaintiff identifies Hahn only as a "Rep." of the Local 3036 Taxicab Industry Pension Fund. Apparently, Plaintiff sued Hahn because the Assistant Pension Director of Local 74 advised Plaintiff by letter that Hahn "could give information regarding Local 3036." (October 12, 2005 letter from Natalie Urena, Assistant Pension Director, Local 74). The complaint contains no further allegations concerning Hahn. In opposition to Hahn's motion to dismiss, Plaintiff states:

> Mr. Hahn needs to stay in the case because Mr. Hahn, I feel, is personally involved in the reduction to $18.51/month of my original vested pension payable to me when I reached age 65 in 1990. He either knew about my vested pension or didn't know, but should have known, as Administrator of

the merger that took place in 1997 between Local 3036 and Local 74 SEIU. (Plaintiff's Response [#39] at 2-3).  It is unclear why Plaintiff believes that Hahn was an "Administrator" of the merger between Local 3036 and Local 74.  Nevertheless, the issue is whether the Complaint plausibly alleges that Hahn is an administrator or trustee of the subject plan, and the Court finds that it does not.  Accordingly, Hahn's motion to dismiss is granted.

However, liberally construing Plaintiff's papers, it appears clear that, in addition to suing the Taxicab Industry Pension Fund and Nationwide, Plaintiff's intention in bringing this action is to sue the administrator or trustee of his pension plan, which he apparently believes is the Administrator of the SEIU Local 74 Benefits Funds.[7]  Accordingly, the Court will direct the Clerk of the Court to issue a summons to the Administrator of the SEIU Local 74 Benefit Funds, and to cause the U.S. Marshall to serve the summons and complaint.

CONCLUSION

Accordingly, Defendants' motions [#11] [#25] are granted in part and denied in part, as follows: 1) the motion to transfer venue is denied; 2) the motions to dismiss by Reynolds and Hahn are granted; and 3) the motions to dismiss by Nationwide and Taxicab Industry Pension Fund, as well as the alternative motion for a more definite statement by Nationwide are denied.  Additionally, the Court construes the Complaint to name the Administrator of the SEIU Local 74 Benefit Funds as a defendant, and directs the Clerk of the Court to issue a summons to "Administrator of the SEIU Local 74 Benefit Funds."  Additionally, the Clerk of the Court is directed to complete the necessary form to have

---

[7]In that regard, as discussed earlier, Plaintiff included, as one of the defendants listed in the caption of the Complaint, "Taxicab Industry Pension Fund Local 74 SEIU, Long Island City, New York."

11

service of the summons and complaint performed by the U.S. Marshall, and to cause the

Marshal to serve a copy of the summons, the complaint (consisting of documents

[#1][#13][#16]), and this Order on the Administrator of the SEIU Local 74 Benefit Funds.

     SO ORDERED.

Dated:     July 18, 2008
             Rochester, New York

                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge