UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM ROSHINSKY

      Plaintiff,

  v.

DAVID P REYNOLDS, et. al.,

      Defendants.

DECISION & ORDER

06-CV-6340CJS

---

    Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, 42 U.S.C. § 1983, alleging that defendants have unlawfully denied him his pension. (Docket # 1). On October 23, 2008, a status conference was conducted before the undersigned, during which plaintiff made an oral application for the appointment of counsel.

    The Court is permitted to appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

      3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.  Whether the legal issues involved are complex; and

      5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  With this understanding, the Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is appropriate in this matter.

      Accordingly, plaintiff's motion for the appointment of counsel is **GRANTED**.  The Court hereby assigns James C. Holahan, Esq. of Bond, Schoeneck & King, PLLC, 345 Woodcliff Drive, Suite 208, Fairport, New York 14450-4210, *pro bono*, to faithfully and diligently represent plaintiff in this case.

      The Clerk of the Court is directed to copy the file in this matter and send it to James C. Holahan, together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1]

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at <http://www.nywd.uscourts.gov/>.

A **status conference** will be held with the undersigned at 2310 U.S. Courthouse, 100 State Street, Rochester, New York on **January 28, 2009**, at **10:40 a.m.**, to discuss the status of the case and the possibility of settlement.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated:  Rochester, New York
          December  5  , 2008.