UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM ROSHINSKY,

        Plaintiff,

        -v-

TAXICAB INDUSTRY PENSION FUND,
ADMINISTRATOR OF THE SEIU LOCAL 74
BENEFIT FUNDS, and NATIONWIDE
INSURANCE,
        Defendants.

DECISION AND ORDER
06-CV-6340 CJS

This is an action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq*., in which the plaintiff, proceeding *pro se*,[1] alleges that

the amount of his monthly pension benefit payment is incorrect.  Now before the Court is

Nationwide Insurance's ("Nationwide") motion (Docket No. [#81]) for summary judgment,

and Plaintiff's cross-motion for default judgment [#87].  For the reasons that follow,

Nationwide's application is granted and Plaintiff's application is denied.

BACKGROUND

Plaintiff is a retired taxi driver.  The Amended Complaint ("Complaint") [#60] alleges,

in relevant part, that in or about 1995, Plaintiff "began receiving monthly payments in the

amount of $18.51 from Nationwide.  The payments were purportedly made pursuant to an

annuity contract between the Taxicab Industry Pension Fund ("the Pension Fund") and

---

[1] Plaintiff began this action proceeding pro se.  The Court subsequently assigned an attorney to represent Plaintiff.  Subsequently, the attorney was permitted to withdraw from representing Plaintiff, because he had "reached an impasse with Mr. Roshinsky with regard to the direction of the litigation." (Affidavit of Bryan C. Smith, Esq. [#66]).  Plaintiff did not oppose the request. See, Order [#71].  Consequently, Plaintiff is again proceeding pro se.

Nationwide." (Complaint ¶ 11).  Plaintiff maintains that he is entitled to a pension benefit under the Taxicab Industry Pension Fund that is greater than the $18.51 per month that he has been receiving.  On July 5, 2006, Plaintiff commenced this action against, *inter alia*, the administrator of the Pension Fund and Nationwide.

On November 25, 2009, following a period of discovery, Nationwide filed the subject motion for summary judgment.[2]  Nationwide maintains that it is not a proper defendant, since it is not an ERISA plan sponsor, administrator, or fiduciary, but instead, is merely a vendor performing ministerial tasks.  Nationwide contends that it had no part in determining the amount of Plaintiff's monthly benefit payment.  Nationwide further contends that Plaintiff has not produced any proof that the payment amount is incorrect.

In support of the application, Nationwide filed an affidavit from David P. Reynolds ("Reynolds").  Reynolds' affidavit contains sixteen factual statements.  Essentially, Reynolds states that: 1) he was previously employed by Nationwide as a Consultant handling Group Annuity Contracts issued by Nationwide to private pension plans; 2) on July 5, 1988, Nationwide issued a Group Annuity Contract to the Pension Fund; 3) Nationwide did not determine the amount of monthly benefit that participants in the Pension Fund were to receive under the Group Annuity Contract, rather, that amount was calculated by the Pension Fund; 4) Nationwide has paid Plaintiff his monthly benefit as calculated by the Pension Fund; and 4) Nationwide has no knowledge concerning how the Pension Fund calculated the amount of Plaintiff's monthly pension benefit.

On December 11, 2009, Plaintiff filed a document incorrectly entitled "Rule 55

---

[2]Along with the summary judgment motion, Nationwide served Plaintiff with an *Irby* Notice to Pro Se Litigants [#82].

Default Judgment," which the Court construes as a response to Nationwide's summary judgment motion. In that regard, Plaintiff attached a copy of Reynolds' affidavit in support of summary judgment, and states that Reynolds' "sixteen points are full of misleading, false and outright perjurious statements, misleading material facts of my original claim." Plaintiff does not explain how Reynolds' statements are false or misleading. Construing Plaintiff's submission liberally, Plaintiff maintains, in conclusory fashion, that Reynolds' affidavit is somehow false, and that Nationwide's motion should be denied.

ANALYSIS

*Rule 56*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996). Once that burden has been established, the burden shifts

3

to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

In this case, Nationwide maintains that is has no liability under ERISA, since it is not a plan sponsor, administrator, or fiduciary, but is rather a vendor performing the ministerial task of issuing Plaintiff's monthly payments pursuant to an annuity contract, without exercising any discretion as to the amount of those payments. The relevant legal principles hold that,

> [i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable. Insurance companies, even if not designated as plan administrators, could be sued in that capacity if they actually controlled the distribution of funds and decided whether or not to grant benefits under one of the plans.

*G.R.J.H., Inc. v. Oxford Health Plans, Inc.*, No. 07-CV-00068 (NAM/RFT), 2009 WL

1362985 at *6 (N.D.N.Y. May 14, 2009) (citations and internal quotation marks omitted); *see also, Nichols v. Metropolitan Life Ins. Co.*, 180 F.Supp.2d 413, 416-417 (W.D.N.Y. 2001) (Insurance company was not liable under ERISA, 29 U.S.C. § 1132(a)(1)(B) where it merely issued checks at the direction of the plan committee: "Here, there is no evidence that MetLife performed any discretionary duties concerning the administration of the Plan, including decisions relating to payment of benefits. All the evidence indicates that only persons at Kodak and KRIPCO played any role in deciding whether to pay plaintiff the benefits he seeks."). Here, there is no indication that Nationwide was a plan sponsor or fiduciary, or that it performed any discretionary duties concerning the subject Plan. On that point, the Court has reviewed Plaintiff's response to Nationwide's motion, as well as his discovery responses (*See, e.g.*, docket numbers [## 73, 75-78, 85, 86, 88,]), and finds that they do not contain evidentiary proof in admissible form that would create a triable issue of fact precluding summary judgment against Nationwide.

## CONCLUSION

Nationwide's summary judgment motion [#81] is granted. The Clerk of the Court is directed to terminate Nationwide as a party to this action. Plaintiff's purported motion for default judgment [#87] is denied.

SO ORDERED.

Dated:     January 21, 2010
              Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                        United States District Judge